### INGALLS, Plaintiff-Appellant, v. WESTERN RESERVE UNIVERSITY, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21962.   Decided March 12, 1951.

Harrison, Spangenburg & Hull, Cleveland, for plaintiff-appellant.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

We are of the opinion that it was error for the trial court to hold, as a matter of law, that the plaintiff was contributorily negligent, and to grant the defendant's motion for judgment, n. o. v. on that ground.

Under the evidence in the record it appears that the plaintiff did not know of the dangerous character of the passageway used by her as a means of egress from the property. She had proceeded to the cafeteria during the daytime through the same passageway and testified she did not observe the stones across the end of the driveway.

We are of the opinion also that the issue of negligence was for the determination of the jury. Plaintiff was an invitee or business visitor to whom the defendant owed the duty of ordinary care. The governing principle on the issue of negligence is well stated in Restatement of the Law of Torts, §343 page 942 as follows:

"A business invitation includes an invitation to use such part of the premises as the visitor reasonably believes are held open to him as a means of access to or egress from the place where his business is to be transacted. If the possessor has intentionally or negligently misled the visitor into the reasonable belief that a particular passageway or door is an appropriate means of reaching the business area, the visitor is entitled to the protection of a business visitor while using this passageway or door."

In the same paragraph and page of the text of the Restatement the following also appears:

"Since the status of the other as a business visitor depends upon whether the possessor should have known that his visitor would be led to believe that a part of the premises are held open to him as a business visitor, the question is often one of fact and as such a matter for the jury, subject to the normal control which the court exercises over the jury's function in such matters."

The trial court in its charge recognized this principle by instructing the jury in effect that the plaintiff was required to establish that defendant in the exercise of ordinary care ought to have anticipated the use of the passageway by plaintiff as a means of exit.

The judgment of the common pleas court is reversed with instructions to enter judgment in favor of the plaintiff for the amount of the verdict returned by the jury.

SKEEL, PJ, HURD, J, McNAMEE, J, concur.